**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| SOLOMON DENT, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 5:08-CV-336-CAR-GMF |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if supported by substantial evidence. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.     **Whether the ALJ properly accounted for Claimant's hand impairment.**

II.    **Whether the ALJ properly accounted for the side effects of Claimant's medications.**

III.   **Whether the ALJ's credibility assessment is supported by substantial evidence.**

**Administrative Proceedings**

Claimant filed applications for disability benefits in May and October 2002, which were denied. (T-20).  Claimant filed this application on or about August 9, 2004, alleging that he became unable to work on February 6, 2002.  *Id.*  Claimant's application was denied initially and on reconsideration.  *Id.*  Claimant then filed a request for a hearing before an ALJ, which was held on October 3, 2006 (T-538-577), and continued for medical expert testimony on March 6, 2007, in Macon, Georgia.  (T-578-611).  The ALJ, reopening Claimant's October 2002 application, found that Claimant was not disabled in a decision dated May 15, 2007.  (T-20-27).  Although the Appeals Council received additional evidence, it denied Claimant's requested review of the ALJ's findings, making the ALJ's decision the final decision of the Commissioner.  (T-8-11).

**Statement of Facts and Evidence**

Claimant alleges a disability beginning February 6, 2002.  (T-20).  After examining the medical records, the ALJ determined that Claimant suffers from obesity, herniated disc of the lumbar spine, and tarsal tunnel syndrome, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (T-22-23).  After a thorough review of the record, the ALJ found that Claimant has the residual functional capacity (RFC) to lift and carry items weighing 20 pounds occasionally and 10 pounds frequently, to stand for up to six hours in a normal workday, and to occasionally balance, kneel, stoop, crouch, and climb ramps and stairs.  (T-23).  The ALJ stated that Claimant

should never climb ladders, ropes, scaffolds, or crawl due to limited mobility but placed no other limitations on Claimant. *Id.* Because he found that Claimant could perform jobs existing in significant numbers in the national economy, the ALJ made a finding of "not disabled." (T-26).

## DISCUSSION

**I.     Did the ALJ properly account for Claimant's hand impairment?**

Claimant alleges that the ALJ failed to account for his complaints of numbness or tingling in his hands and wrists when formulating his RFC and hypothetical question to the vocational expert. (R-13, p. 11).

The Regulations state that the burden is ultimately on the claimant to prove the severity of his impairments. 20 C.F.R. §§ 404.1512(a)(c); 416.912(a) and (c). The ALJ "is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'" *Street v. Barnhart*, 133 Fed. Appx. 621, 627 (11th Cir. 2005) (quoting *Pena v. Charter*, 76 F.3d 906, 909 (8th Cir. 1996)). Further, where a claimant is represented by council, as in this case, the ALJ is not subject to a heightened duty to discover all of the facts relevant to the claimant's disability claim. *Id.*

Here, Claimant has simply failed to carry his burden of proving his disability. As noted by Respondent, aside from some complaints of wrist and hand pain in Claimant's treatment records, Claimant failed to list wrist and hand pain in his applications or at any hearing. (R-15, p. 6). At the October 2006 hearing, Claimant's attorney testified that

Claimant suffered from back pain, reflux disease, high blood pressure, and bladder problems. (T-542). In fact, Claimant made only one, brief reference at that hearing to suffering from hand pain while using the computer. (T-574). Additionally, the medical expert testifying at the subsequent hearing failed to mention hand pain, primarily concentrating on Claimant's back condition. (T-578-611). In fact, the medical expert testified that he would impose no manipulative limitations on Claimant's work. (T-600).

It is found that the ALJ properly incorporated all of Claimant's impairments which he found to be credible into Claimant's RFC, as evidenced by the limitations therein. (T-23). Moreover, the ALJ properly included only those impairments he found supported by the record in his hypothetical to the VE. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

## II.     Did the ALJ properly account for the side effects of Claimant's medications?

Claimant next argues that the ALJ erred by failing to account for the side effects of Claimant's medication. (R-13, p. 8-9). The ALJ has a duty to develop a full and fair record regarding the effect of a claimant's medications on his ability to work. *Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981). This Circuit has previously held that an ALJ does not err by failing to consider a claimant's adverse side effects if the claimant introduces no evidence of those side effects. *See Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir. 1992) (citing *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990)).

While Claimant points out record evidence that he falls asleep on the computer, lacks concentration, and burns dinner (R-13, p. 9), Respondent notes that Claimant neither

indicated any adverse side effects in his disability reports, reported adverse side effects to his doctors, nor sought adjustment of his medication (R-15, p. 7). A review of Claimant's medication in May 2005 indicated that Claimant suffered from stomach cramps, nausea, and a skin rash from certain of his medications. (T-236-40). Claimant also reported some side effects in May 2006. (T-258). However, in neither document does Claimant indicate that these side effects were disabling. Here, no error is found; Claimant has failed to sufficiently develop his argument that his medication side effects affected his ability to work.

## III.    Was the ALJ's discrediting of Claimant's testimony supported by substantial evidence?

Claimant next argues that the ALJ erred by failing to explicitly find that Claimant lacked credibility. (R-13, p. 10-19). Regarding credibility, Social Security Regulation 96-7p reads:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210

(11th Cir. 2005) (quotations and citations omitted).  While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole.  *Id*. (quotations and citations omitted).

Here, the ALJ properly indicated that he considered Claimant's medical condition as a whole when evaluating Claimant's credibility, stating, "based on a review of the medical evidence of record, as well as the claimant's testimony at the hearing, I find the evidence contained in the record does not support the claimant's allegations of totally incapacitating symptoms."  (T-25).  Specifically, the ALJ thoroughly reviewed the medical records submitted by Claimant's treating physicians.  (T-24-25).  The ALJ also reviewed Claimant's reports of reduced daily activities due to his impairments, finding that "the record indicates the claimant's daily activities are not quite as restricted as he alleged."  (T-25).  It is found that the ALJ sufficiently took into account the location, duration, frequency and intensity of Claimant's pain or other symptoms, as well as any precipitating and aggravating factors, when assessing Claimant's credibility.  In fact, the ALJ recognized Claimant's limitations in Claimant's RFC of performing light or sedentary work.  (T-25).

Claimant particularly challenges certain of the ALJ's Findings that he contends are erroneous and thus inadequately support the ALJ's decision to discredit him.  First, Claimant alleges that the ALJ erred by finding that the record contains "no evidence of an abnormal gait, muscle atrophy, and motor or sensory loss."  (R-13, p. 13; T-24).  Claimant cites evidence from his medical records contradicting the ALJ's characterization.  *Id*.  However,

8

as noted above, in this case, the ALJ extensively reviewed the medical records of Claimant's treating physicians, stating "the medical record does not document medical conditions causing significant limitations." (T-24). In particular, the ALJ noted that Dr. Grigorian, whose medical records Claimant cites in support of his challenge to the ALJ's characterization, released Claimant to return to work with restrictions. (T-24). Given the substantial evidence supporting the ALJ's finding of no disability, this statement hardly constitutes reversible error. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (holding remand to have the ALJ perfect the record unnecessary because it would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources).

Next, Claimant challenges the ALJ's statement that his daily activities are not quite as restricted as alleged; Claimant appears to argue that since he accurately testified as to his ability to do the activities listed by the ALJ, his credibility should not be questioned. (R-13, p. 14-15; T-25). In context, the ALJ stated:

> The claimant has reported reduced daily activities as a result of his impairments. Yet, a review of the record indicates the claimant's daily activities are not quite as restricted as alleged as he remains able to perform household chores, socialize with family members, watch television, independently care for [his] personal needs, and manage his household finances.

(T-25). Pursuant to the Regulations, Claimant carries the burden of proving the severity of his impairments and how those impairments affect his ability to work. 20 CFR § 404.1512(c). Acceptable medical evidence includes evidence of daily activities both before

and after the date of disability. *Id*. Here, in addition to the daily activities listed by the ALJ, Respondent notes other activities in the record supporting the ALJ's Finding that Claimant was not as limited as he claimed, including Claimant's ability to attend college classes. (R-15, p. 11). While Claimant's daily activities may be accurately recounted in the record, the ALJ properly found Claimant's ability to perform those daily activities to weigh against his credibility regarding the severity of his limitations and their effect on his ability to work. The ALJ's Finding is supported by substantial evidence, and no error is found.

In his next contentions, Claimant alleges that even if Claimant was not totally incapacitated and could perhaps do light work, as opined by Dr. Grigorian, Claimant could not sustain that work on a regular and continuing basis. (R-13, p. 18-19). He contends that the ALJ erred by not addressing his ability to work for eight hours per day, five days per week. *Id*. SSR 96-8p states:

> Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.

The Eleventh Circuit has previously held that "only an ability to do full-time work will permit the ALJ to render a decision of not disabled." *Kelley v. Apfel*, 185 F.3d 1211, 1214-15 (11th Cir. 1999). Here, the ALJ found Claimant to have an RFC of light work and specifically stated that Claimant could stand for up to six hours of an eight hour workday. (T-23). Claimant cites VE testimony that repeated absences would preclude sustained employment. (R-13, p. 19; T-608). However, the VE was responding to hypotheticals posed

10

by Claimant's attorney, not the ALJ. (T-608). The ALJ is not required to include in any hypothetical question to the VE claims of impairments that he has found unsupported. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1161 (11th Cir. 2004). As confirmed above, here, the ALJ found that Claimant was not as impaired as he claimed; rather, Claimant failed to carry his burden of proving that his impairments were so severe as to affect his ability to work. Accordingly, the ALJ's Finding that Claimant could perform light work on a regular and continuing basis is supported by substantial evidence, and no error is found.

It is found that the ALJ clearly articulated explicit and adequate reasons for discrediting Claimant's testimony, and neither remand nor reversal for award of benefits is appropriate in this case.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 4th day of June, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

lml