IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SOLOMON DENT, | : | |
| | : | |
| Claimant, | : | Case No.: 5:08-cv-336 (CAR) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |
| | : | |
| Respondent | : | |

_____

### ORDER ON THE REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 16] to affirm the Commissioner's denial of Claimant's application for social security disability benefits, finding that Claimant was not disabled within the meaning of the Social Security Act and Regulations. Claimant has filed a timely Objection to the Recommendation [Doc. 17]. Having considered Claimant's objections and having investigated those matters *de novo*, this Court agrees with the findings and conclusions of the United States Magistrate Judge. Therefore, the Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

In his Objection, Claimant first argues that in determining Claimant was not disabled, the ALJ failed to consider Claimant's hand impairment. Claimant contends that despite the fact he fairly raised his hand impairment at the hearing, the ALJ failed to address the claims, and therefore reversal is required. The Court, however, agrees with the Magistrate Judge that

Claimant failed to carry his burden of proving his hand impairment, and therefore reversal is not required.

Claimant next contends that the ALJ failed to properly account for the side effects of Claimant's medication.  Claimant argues that he reported the side effects of his medication in a May 2006 Social Security form and at the hearing, and therefore he sufficiently raised the issue; however, because the ALJ failed to address the side effects, reversal is required.  Again, this Court agrees with the Magistrate Judge that Claimant did not sufficiently raise the issue of the side effects of his medication so that it might be considered by the ALJ.  Claimant never sought adjustment of his medications.  Moreover, the medication's side effects did not sufficiently affect Claimant's ability to work so as to require a finding of disability.

Finally, Claimant challenges the Magistrate Judge's evaluation of his credibility, claiming the Magistrate Judge improperly applied a "harmless error" standard to the ALJ's alleged misstatement that Claimant showed no evidence of abnormal gait, muscle atrophy, and motor or sensory loss.  This Court, however, agrees with the Magistrate Judge that the ALJ's credibility determination was supported by substantial evidence and that the ALJ sufficiently accounted for all of Claimant's limitations he found credible in his RFC of light work.

The Court finds that Claimant fails to cite any legal authority persuading this Court to alter the Magistrate Judge's Report and Recommendation.

**SO ORDERED**, this 14th day of October, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH